**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**DONALD RAY TERRY**                                                                                         **PLAINTIFF**

v.                                                                                                                         No. 2:07CV197-M-S

**BRANDON HODGES, ET AL.**                                                                             **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Donald Ray Terry, brings suit against the defendants under 42 U.S.C. § 1983 and under state tort law for allegations arising out of his arrest and testimony given before the Grand Jury. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants have moved to dismiss this case because it was filed after the limitations period expired. For the reasons set forth below, the defendants' motion to dismiss shall be granted and the instant case shall dismissed as untimely filed.

**Statute of Limitations for Federal Claims**

The plaintiff filed this suit on September 24, 2007, alleging misconduct by the defendants during the plaintiff's March 27, 2004, arrest, as well as the giving of false testimony against him in a federal criminal proceedings at various time from July 29, 2004, through March 1, 2006. A federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993). In Mississippi, that statute is MISS. CODE ANN. § 15-1-49, which allows a litigant only three years to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russel v.*

*Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted). As the plaintiff filed his suit on September 24, 2007, his claims must have occurred or accrued after September 24, 2004, to have been timely filed. For this reason, all of the plaintiff's claims arising out of his arrest on March 27, 2004, must be dismissed as untimely filed.

## Statute of Limitations for State Law Claims

Under Mississppi's Tort Claims Act, the most time the plaintiff has to file his suit against state actors was one year and two hundred ten days from the date of the incident in question. *Page v. University of Southern Mississippi*, 878 So.2d 1003 (Miss. 2004). One year and two hundred ten days prior to September 24, 2007, falls on February 26, 2006. Any state law claims arising before this date – including those involving the plaintiff's arrest and the testimony before the Grand Jury – are thus barred by the Mississippi Tort Claims Act.

## False Testimony Claims Barred by *Heck v. Humphrey*

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a § 1983 damage claim that calls into question the lawfulness of conviction or confinement – or otherwise demonstrates the invalidity of the conviction or confinement – is not cognizable under § 1983 until such time as the plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not

demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In this case, plaintiff's success in his claim that a defendant presented false testimony before a federal Grand Jury to secure the plaintiff's criminal conviction would clearly draw into question the validity of that conviction. Therefore, the plaintiff must "demonstrate that the conviction or sentence has already been invalidated," *Heck*, 114 S. Ct. at 2372, in order for the § 1983 cause of action to accrue. The plaintiff is currently pursuing post-conviction collateral relief in this court under 28 U.S.C. § 2255. Should he secure relief through that avenue, he could then pursue his § 1983 claims properly under the rule in *Heck*; until then, *Heck* bars such a claim.

For these reasons, the motion by the defendants to dismiss shall be granted and the plaintiff's claims dismissed either as untimely filed or as barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 23rd day of July, 2009.

> **/s/ MICHAEL P. MILLS**
> **CHIEF JUDGE**
> **UNITED STATES DISTRICT COURT**
> **NORTHERN DISTRICT OF MISSISSIPPI**